† STATE OF MAINE *versus* McALOON.

An indictment against a receiver of stolen goods, knowing them to be stolen, which contains no allegation of the ownership of the property, or that the principal has been duly convicted, is fatally defective.

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding.

INDICTMENT, as follows : —

" The jurors for the State aforesaid, on their oath present, that Newell Burrill, otherwise called Joseph Burrill, of Bangor, in the county of Penobscot, on the 24th day of Nov. 1854, at said Bangor, three sleigh shawls, &c., (describing the property) and all of the value of thirty-seven dollars, then and there in the possesion of said Thomas H. Goodale and Walter Smith being found, feloniously did steal, take and carry away against, &c. * * * *   And the jurors aforesaid, upon their oath aforesaid, do further present, that Thomas McAloon, of said Bangor, in said county, afterwards, to wit, on the same day the goods and chattels aforesaid, so as aforesaid feloniously stolen, taken and carried away, feloniously did receive and have, and did then and there aid in concealing the same, he, the said Thomas McAloon, then and there well knowing the said goods and chattels to have been feloniously stolen, taken and carried away, against," &c.

On this indictment defendant was convicted.

A motion, during the same term, was made in arrest of judgment, for these reasons : — .

1. It did not appear by the indictment, but that the property in the goods alleged to be stolen, was in Newell Burrill, *alias* Joseph Burrill.

2. It did not appear, but they were the property of respondent.

3. It is not alleged whose property the goods were.

This motion was overruled, and defendant excepted.

*C. P. Brown*, sustained the grounds set out in the motion.

The ownership of the goods alleged to be stolen, must be stated in the indictment.   2 Russell, 154 and 169; 2 Russ. on Crimes, 168 and 185.

For aught that appears the goods were either Burrill's or defendant's.   It must affirmatively appear that an offence has been committed; all may be true as stated in the indictment, and still this party guilty of no crime.   *State* v. *Godfrey*, 24 Maine, 233.

*Abbott*, Atty. Gen., *contra*, argued that the exceptions

State *v.* McAloon.

should be overruled, as it did not appear that the motion was seasonably filed. Rule 26. And that the Court is not at liberty to depart from its own rules in criminal cases. This rule (as to motions in arrest) could not apply to any other than criminal cases, as in civil matters it was not allowed by statute. He did not argue as to the alleged defects in the indictment, as he had not been furnished with a copy.

GOODENOW, J. — The 26th Rule of Court, referred to by the Attorney General, was probably intended to be applied to civil cases only. It was made before the statute disallowing motions in arrest of judgment in civil cases.

The late Rule 19, was made since this case was tried, and is confined to criminal cases. It requires that motions in arrest of judgment, in criminal cases, shall be filed and presented to the Court for adjudication, during the term in which the accused has been found guilty.

At common law the defendant may move at any time in arrest of judgment, before sentence is actually pronounced upon him; and even when the defendant waives the motion, yet if the Court, upon a review of the whole case, are satisfied that he has not been found guilty of any offence in law, they will themselves arrest the judgment. 1 Chitty's Crim. Law, 663. As a general rule, it is necessary to allege, in an indictment for larceny, the ownership of the goods stolen to be in some person. There were some cases, under English statutes, where it was unnecessary either to allege or prove the ownership of the property stolen; but they were exceptions to the general rule. Roscoe's Crim. Ev. 579.

In an indictment against a receiver of stolen goods, it is necessary to allege and prove the ownership of the property stolen; or that the principal has been duly convicted.

The indictment in this case contains no such allegation. It is fatally defective.

*Exceptions sustained. — Judgment arrested.*

RICE, J., took no part in the decision.