## THE PEOPLE v. HALL.

An indictment for altering the brand of a horse with intent to steal it, and charging the property as that of an *estate*, is bad.   The indictment should charge the animal to belong to a particular individual, or that the owner of the animal is unknown.

APPEAL from the Court of Sessions of Monterey.

The indictment runs : " do accuse one R. F. Hall of the crime of altering and defacing the brand of a mare, not his own property, with the intent to steal the same ; said crime being a felony, committed as follows : " The said R. F. Hall, of Monterey county aforesaid, on the first day of June, A. D. 1860, to wit: in the said Monterey county, the brand of one dark bay mare—said brand being as follows [brand]—of the goods and chattels belonging to the estate of Firmina Espinosa, deceased, and in the especial care, custody and keeping of one Jo , Manuel Soto, as bailee," etc. Defendant demurred to the indictment on the ground, among others, that it did not state facts sufficient to constitute a public offense. Verdict, guilty.   Sentence accordingly.   Defendant appeals.

*D. S. Gregory,* for Appellant, cited 1 Ch. Cr. Law, 213 ; Wharton Cr. Law, secs. 18, 19–1820, 1823, 633, 637, 638; Arch. Cr. Pr. 121, 38 (top page) ; *State* v. *Dwyer,* 2 Hill, S. C. 287 ; *State* v. *Davis,* 2 Car. L. Rep., N. C. 291, sec. 165 ; 1 Cr. L. 284, sec. 65 (side page) ; *Reynolds* v. *State,* 2 Nott & McCord, 365 ; *Commonwealth* v. *Thurlow,* 24 Pick. 374 ; *Mathews* v. *State,* 2 Yerg. 233 ; *State* v. *Somers,* 3 Vt. 157; *State* v. *Foster,* 3 McCord, 442 ; Hawkins Pl. Cr. Book, 2 Ch. sec. 8, 110, 111 ; *State* v. *O'Bannon,* 1 Bailey, 144.

*Thos. H. Williams, Attorney General,* for Respondent.

BALDWIN, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This was a case for altering the brand of a horse with intent to steal it.

28

The indictment charges the property as that of an estate. This is insufficient. The charge should be of altering the brand of the animal as that of a particular individual, or that the owner of the animal was unknown.

For this error the judgment must be reversed and cause remanded.