State *v.* Polland.

———————

STATE *versus* JAMES POLLAND.

A complaint alleging the larceny to have been of " one sheep, of the value of five dollars, the property of another person, unknown to the complainant," &c., is sufficient.

And if the allegations be proved, the defendant will be deemed guilty of larceny.

ON EXCEPTIONS from *Nisi Prius*, DAVIS, J., presiding.
COMPLAINT FOR LARCENY.

The facts appear in the opinion.

The defendant excepted to the ruling of the presiding Judge.

*E. G. Harlow*, for the defendant.

*J. A. Peters, Attorney General, contra.*

APPLETON, C. J. — The principal exception taken is, that the owner of the property stolen is not stated in the complaint, which alleges the larceny to have been of " one sheep of the value of five dollars, the property of another person, who is unknown to your complainant," &c.

The presiding Judge ruled the complaint sufficient in law, and that, if the allegations therein were proved, the defendant was guilty of larceny, and so instructed the jury.

The instructions given were correct. But "certainty in an indictment to a general intent is sufficient." Co. Lit., 303, a; 5 Co., 121, a. And, therefore, " an indictment for felony, *quod cepit bona cujusdam ignoti,* is sufficient." 4 Com. Dig., Indictment, G 5. This seems to be recognized as well settled law in Massachusetts, in *Com.* v. *Morse,* 14 Mass., 247, and in this State, in *State* v. *McAloon,* 40 Maine, 133. "The indictment," remarks JOHNSON, J., in *State* v. *Haddock,* 2 Hayw., (N. C.,) 162, "should state in whom the property was, or that it was the property of some persons unknown, otherwise he, (the defendant,) could not plead in bar to another indictment for the same cause."

*Exceptions overruled.*

DAVIS, KENT, WALTON, BARROWS and DANFORTH, JJ., concurred.