State *v.* Pettis.

------------

### STATE OF MAINE *vs.* CHARLES PETTIS.

*Larceny—what declarations are inadmissible. Proof of ownership.*

Upon a trial for larceny, it is not competent to introduce testimony of the prisoner's declarations, after the goods came into his possession, that he found them.

The allegation of ownership in a complaint is sustained by proof that the person named had them in his possession by loan from, or contract for their purchase with the owner.

ON EXCEPTIONS.

The city marshal of Portland, on the twenty-third day of January, 1873, made complaint to the municipal court, that Charles Pettis, on the second day of the same month, "one cradle, of the

value of two dollars, of the goods, chattels and property of Charles A. Dalton, in the possession of said Dalton being found, feloniously did steal, &c." At the trial before the superior court the government called but two witnesses; Eliza J. Googins who said that the cradle was hers; she lent it to Phebe Dalton, to whom she partly bargained it for fifty cents; afterwards saw it, newly painted, at Pettis' house; he said he found it in the street, all broken to pieces. Phebe Dalton, testified that her husband was Charles A. Dalton; that she borrowed the cradle of Mrs. Googins; left it in their house with the rest of their furniture when they went away in October; was gone from the house two months, but retained the key; that the cradle was there when she visited the house in November, and she next saw it, in January, at Pettis' house.

The defendant called a witness who swore he saw this cradle between November and December, first in the gutter; and afterwards in the yard of the house in which the Daltons lived; and another witness by whom he proposed to show that he (Pettis), four days after the cradle came into his possession, stated to the witness, in the latter's shop, that he found the cradle in the street and had repaired and painted it, but the court excluded this testimony, and the respondent excepted.

With regard to the ownership of the cradle, the jury were instructed that, although the general property was in Mrs. Googins, yet "if the property had been loaned to Dalton, and was in his possession under a loan, especially if there was some contract for sale existing between the parties, then there is sufficient evidence to sustain the allegation that the cradle was the property of Charles A. Dalton." A general verdict of guilty was found, and the respondent excepted to this instruction.

*James O'Donnell*, for the defendant.

Starkey should have been permitted to testify that Pettis publicly proclaimed in his (Starkey's) shop, his (Pettis') possession of the cradle and how it came there, as showing his good faith, and negativing the idea of larceny. Such endeavors to discover the

owner are always admissible. *Regina* v. *Reed*, 41 Eng. Com. Law, 170; *People* v. *Anderson*, 14 Johns., 293 ; *People* v. *Cogdell*, 1 Hill, 94.

The ownership was not truly alleged. It should have been stated either as in Eliza J. Googins, the general 'owner, or Phebe Dalton, the bailee. 2 Russell on Crimes, 154, 168; *State* v. *McAloon*, 40 Maine, 133.

*Charles F. Libby*, county attorney, for the State.

DICKERSON, J. It is not competent for a person charged with larceny of goods to introduce evidence of his declarations made after the property came into his possession, that he obtained them by finding.

The allegation of property in a complaint for an alleged larceny of goods is sustained, if the complainant at the time the larceny was committed, held possession of them under a loan from, or contract of sale with the owner.

The rulings and instructions of the judge of the superior court being in accordance with these principles, afford no legal ground of exception.                              *Exceptions overruled.*

WALTON, DICKERSON, DANFORTH, VIRGIN and PETERS, JJ., concurred.

APPLETON, C. J., and BARROWS, J., did not concur upon either point. They thought the declarations of Pettis admissible as tending to disprove any felonious intent, and that no property, general or special, in Charles A. Dalton was shown by the evidence.