66    65|
e71   350|

66    65
84·   99

## BOARMAN *v.* STATE.

## Opinion delivered December 24, 1898.

1. INDICTMENT FOR TRESPASS—ALLEGATION OF OWNERSHIP.—Under Sand.
   & H. Dig. § 2080, providing that an erroneous allegation as to the person injured shall not be material, an indictment for cutting down trees, and destroying and carrying away the timber thereof, is not defective in alleging the property as belonging to the estate of a deceased person. (Page 66.)

2. SAME.—An allegation that defendant cut down timber sufficiently alleges that the timber was standing or growing.  (Page 66.)

3. SAME—VALUE OF TREES.—In an indictment for cutting down trees and destroying and carrying away the timber thereof it is unnecessary to allege or prove the value of such trees.  (Page 67.)

Appealed from Little River Circuit Court.

WILL P. FEAZEL, Judge.

*A. R. Boarman, pro se.*

The indictment is defective because it does not use all the words of the statute descriptive of the offense, nor words equivalent thereto.  47 Ark. 492; 62 Ark. 514.  The indictment should have stated that the timber was "standing or growing" upon the lands of another.  Sand. & H. Dig. § 1773.  The indictment should also have stated the value of the timber.  The indictment is defective further in that it does not describe the land sufficiently.  The evidence does not sustain the verdict.  To sustain a conviction of this kind, the accused must have actually procured or participated in the commission of the offense.

*E. B. Kinsworthy* and *Jas. H. Stevenson,* for appellee.

The indictment follows the language of the statute, and is sufficient.  The description of the land was sufficient.  31 Ark. 676.  The allegation that defendant "cut down" the trees is sufficient, because it conveys the same meaning as to allege that the trees were "standing or growing."  Sand. & H. Dig.

§ 2088. There are no accessories after the fact in misdemeanors. 45 Ark. 361. His assenting to the crime by accepting its benefits makes him guilty as a principal. 18 Ark. 179; 10 Ark. 378.

BUNN, C. J. This is an indictment for cutting down trees on the land in charge of A. J. Hemphill, an agent of the estate of J. J. Hemphill, and destroying and carrying the timber thereof, which, omitting merely the formal parts, is in these words: "The said A. R. Boarman, in the county and state aforesaid, on the 1st day of May, A. D. 1897, did unlawfully and wilfully enter upon lands belonging to the J. J. Hemphill estate, and cut down, destroy and carry away timber," etc. Trial and verdict against the defendant, and judgment accordingly.

The defendant filed his motion in arrest of judgment, alleging four several causes, to-wit: (1) "That the indictment does not sufficiently describe the land intended." (2) "That the indictment does not allege that the timber cut and carried away was standing or growing upon the said land." (3) "That the indictment does not allege the value of the timber." (4) "Because the indictment alleges that the defendant entered and cut and carried away timber, and the proof shows that one Wade cut said timber, without the consent or knowledge of the defendant."

Under the first head it is contended by the defendant that the expression "land belonging to the J. J. Hemphill estate" does not describe the land sufficiently. The land is alleged to be situate in the county and state wherein the indictment was found, and the only controversy under this heading seems to be as to whether or not describing lands as the property of an estate is sufficiently definite,—that is, the indefiniteness is as to the ownership, and not as to the identity and locality of the land otherwise. Section 2080, of Sandels & Hills Digest, reads: "Where an offense involves the commission, or an attempt to commit, an injury to person or property, and is described in other respects with sufficient certainty to identify the act, an erroneous allegation as to the person injured, or attempted to be injured, is not material." In construing a statute of California identically the same

as the one quoted, the supreme court of that state, in *People* v. *Smith*, 112 Cal. 333, held (quoting from the syllabus) that "there is no substantial variance between a complaint for larceny, describing the property stolen as belonging to and being owned by the estate of a deceased person named, and an information describing it as belonging to and being owned by persons named as executor and executrix of the estate of such deceased person; and the description in the complaint cannot be held insufficient under the provisions of section 956 of the code [the section like ours], the offense being described with sufficient certainty to identify the act, and the alleged ownership being in effect in the estate of the deceased person."

In the case at bar there is no contention that the act is not sufficiently described otherwise in order to be identified. This objection is therefore not sound.

As to the second ground of motion, we think the allegation that the defendant cut down the timber sufficiently indicates that the timber was standing or growing, within the meaning of the statute, and the defendant must necessarily have known what was meant by that language.

As to the third ground, the statute seems to assume that "standing or growing timber" is of some value; at all events, the act of cutting down, destroying and carrying away such timber is made the offense *per se;* and therefore there is no real necessity of alleging value or of proving the same.

But the proof shows that one Wade had contracted with defendant to cut timber on the lands of another, and by mistake had gone over the line and cut some ties on the Hemphill estate lands; and that he also was an independent contractor; and that he had cut said trees, if cut at all, without the knowledge or consent, and of course without the direction, of the defendant. The evidence is also to the effect that defendant, on hearing that the timber had been cut, offered to pay for the same; but this, we think, does not amount to an admission of responsibility on his part for the act of cutting the timber.

Judgment reversed, and cause remanded.