## STATE *v.* SHERMAN.

### Opinion delivered May 2, 1903.

INDICTMENT FOR LARCENY—ALLEGATION OF OWNERSHIP.—An indictment for larceny is not demurrable for alleging the ownership of the property in the estate of a deceased person. *Boarman* v. *State*, 66 Ark. 65, followed.

Error to Phillips Circuit Court.

HANCE N. HUTTON, Judge.

Reversed.

#### STATEMENT BY THE COURT.

At the September term, 1901, of the St. Francis circuit court, the grand jury returned against appellee an indictment in the following terms (omitting caption): "The grand jury of St. Francis county, in the name and by the authority of the state of Arkansas, accuse Tweed Sherman of the crime of grand larceny, committed as follows, to-wit: The said Tweed Sherman on the 1st day of June, 1901, in the county of St. Francis aforesaid, then and there one steer, the property of the R. S. Hudspath estate, unlawfully and feloniously did take, steal and carry away, against the peace and dignity of the state of Arkansas."

Appellee took a change of venue to the Phillips circuit court where, on the 10th of October, 1901, he was put upon trial before a jury. When the jury had been sworn to try the case, he moved the court to instruct "the jury to return a verdict of not guilty, * * * because the allegations of the indictment did not constitute a cause of action against" him. The court, over the objection of the state, sustained the motion, and instructed the jury to return a verdict of not guilty. The jury accordingly returned a verdict of not guilty, upon which judgment discharging appellee was rendered. The state then, by her prosecuting attorney, prayed, and was granted, an appeal.

*George W. Murphy,* Attorney General, for appellant.

WOOD, J., (after stating the facts). The motion to instruct the jury to find the defendant not guilty, before the introduction of any evidence whatever, was, in effect, a demurrer to the indictment, and we shall so treat it.

Our attention has been called to no defect in the indictment. If there was one, we fail to detect it, unless the allegation that the steer stolen was the "property of the R. S. Hudspath estate," was demurrable. But in *Boarman* v. *State,* 66 Ark. 65, this court upheld an indictment charging defendant with entering "upon lands belonging to the J. J. Hemphill estate," and approved the ruling in the case of *People* v. *Smith,* 112 Cal. 333.

The indictment sufficiently identified the illegal act, and the motion to instruct the jury to acquit the defendant should have been overruled, and defendant placed on trial. Treating the motion as a demurrer, defendant was never in jeopardy.

Reversed and remanded for a new trial.