· STATE OF MAINE *vs.* GEORGE LOGAN and JOHN DAVIDSON.

Cumberland.    Opinion April 9, 1920.

*Larceny.  Ownership.    Evidence.    Allegation sustained by proof.    Ownership not*
*properly laid in deceased, nor in the estate in absence of statute.    R. S.,*
*Chap. 133, Sec. 12.    Actual or constructive possession.*
*Special property in goods.*

If upon trial of an indictment for larceny, the ownership of the stolen property
being laid in persons to the grand jurors unknown, the contention is made that
the name of the owner was in fact known to the grand jury, the practice is to
submit the question to the jury with appropriate instructions.

The fact, that the name of the person was in fact known, must appear from the
evidence in the case.    If there is no evidence to the contrary, the objection that
the party was not unknown does not arise.

The question is not whether the grand jury acting with diligence might have
ascertained the name of the owner, but whether the allegation that it is not
known is sustained by the proof.

When property of a decedent's estate is the subject of larceny, the ownership
cannot properly be laid in the deceased; and some authorities hold, in the
absence of a statute, that it cannot properly be laid in the estate of the deceased.
If an administrator is appointed after the theft and before indictment, the
property may be laid in the administrator; under R. S., Chap. 133, Sec. 12,
the property may be laid in the person having actual or constructive possession,
or the general or special property in the goods.

In the instant case, assuming that the grand jury knew all the facts when finding .
the indictment, which were disclosed at the trial, it cannot be said that there
was any evidence that the owner was not unknown to the grand jury.    There-
fore the question does not arise in the case.

On exceptions.    Exceptions overruled.    Judgment for the State.
An indictment for larceny of one automobile tire and two automo-
bile tire tubes, "of the property of persons to your grand  jury
unknown," returned in Superior Court in Cumberland County,
at September term, 1919.    At the conclusion of the testimony,
respondents filed a motion requesting the presiding Justice to direct
a verdict of not guilty.

This motion was overruled and respondents excepted. Exceptions were also taken by respondents to the refusal of the presiding Justice to give three certain instructions to the jury, requested by respondents. The jury returned a verdict of guilty.

Case stated in the opinion.

*Carroll L. Beedy, and Clement F. Robinson,* for the State.

*Harry C. Libby,* for respondents.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, WILSON, DEASY, JJ.

MORRILL, J. The respondents stand convicted of the larceny of one automobile tire and two automobile tire tubes alleged in the indictment to be the property of persons to the grand jurors unknown.

The undisputed facts, as shown in the record, are that one Charles C. Deleware, Jr., was the owner of the automobile from which the tire and tubes were taken; that he was killed on Sunday, August 10, 1919, in an accident to said automobile on the highway between Portland and Windham; that after the accident the automobile remained at the side of the highway during the night of August 10th, and during the following day; that the articles in question were taken during Monday, August 11th. Administration on the estate of said Deleware was granted, and the administrator qualified September 19, 1919, after the finding of the indictment and before the trial in the Superior Court.

At the conclusion of the evidence respondents' counsel filed a written motion that the jury be instructed to return a verdict of not guilty; this motion was denied, and respondents have exceptions. The case was then submitted to the jury with instructions, to which no exceptions were taken. At the conclusion of the charge respondents requested the following instructions:

"1. The allegation in this indictment that the property alleged to have been stolen was the property of persons unknown is an affirmative allegation to be proven beyond a reasonable doubt by the State.

2. If you find from the evidence that there is a reasonable doubt in your minds whether or not the owner of this property was known at the time alleged by the State, then your verdict must be for the respondents.

3. It is not necessary that the respondents prove to you that the owner of this property was known at the time alleged by the state but only that they make it doubtful in your minds.

These requested instructions were refused and respondents have exceptions; the evidence is made a part of the bill of exceptions.

The exceptions must be overruled. It is a familiar principle that in indictments for larceny the ownership of the stolen article must be stated, and must be proved as laid; it is equally familiar that ignorance by the grand jury of the name of the person having either general ownership of the stolen property or special interest therein, does not shelter the criminal, and the ownership may be laid in persons to the grand jurors unknown. But if it appears from the evidence in the case that the name of the owner was in fact known to the grand jury, the respondent should be discharged, subject to be tried on a new indictment adapted to the facts of the case. The question is not whether the grand jury acting with diligence might have ascertained the name of the owner. "The fact that the grand jury might with reasonable diligence have ascertained the name may be evidence that they knew the name; but it is not conclusive, and cannot be made an absolute test of the sufficiency of the allegation. After the evidence has been introduced, the question is not whether the name might have been known, but whether the allegation that it was not known is sustained by proof; it is a question, upon all the evidence, of accord or variance between the allegation and the proof, not of diligence or carelessness in making the allegation;" *Com.* v. *Sherman,* 13 Allen, 248; and this is said to be the law in England notwithstanding statements in the books, originating in reports of certain cases at nisi prius, that, if a name alleged to be unknown might with reasonable diligence have been ascertained, the defendant is entitled to an acquittal. *Com.* v. *Sherman,* supra.

When the contention is made that the name of the owner was in fact known to the grand jury, the practice is to submit the question to the jury with appropriate instructions. *Com.* v. *Hill,* 11 Cush., 137, 139; *Com.* v. *Hendrie,* 2 Gray, 503; *Com.* v. *Stoddard,* 9 Allen, 280, 282; *Com.* v. *Thornton,* 14 Gray, 42. "But the fact, that the name of the person was in fact known, must appear from the evidence in the case. It is immaterial whether it so appears from the evidence offered by the government, or that offered by the defendant. But there being no evidence to the contrary, the objection that the party was not unknown does not arise." *Com.* v. *Thornton,* supra.

When property of a decedent's estate is the subject of larceny, the ownership cannot properly be laid in the deceased; *U. S. v.. Mason,* 2 Cranch C. C., 410, 26 Fed. Cas. No. 15738; and it has been held that in the absence of a statute, the ownership cannot properly be laid in the estate of the deceased. *People v. Hall,* 19 Cal., 425; *State v. Cutlip,* (West Va.), 88 S. E., 829, L. R. A., 1916 E. 783 and note; *State v. Woodley,* 25 Ga., 235. The later cases to the contrary from California, *People v. Smith,* 112 Cal., 333, *People v. Prather,* 120 Cal., 660, seem to be based upon a statute of that State; so, also, with *State v. Sherman,* 71 Ark., 349, 74 S. W., 293. *Com. v. Kelly,* 184 Mass., 320, is cited by respondent's counsel as authority for the proposition that the ownership should be laid in the estate of the deceased; but the charge in that case appears to have been embezzlement of a sum of money from an estate of which the respondent was administrator, and the indictment was drawn in accordance with a statutory provision.

In England when a person dies intestate and the goods of the deceased are stolen before administration granted, it is said that the property must be laid in the ordinary—Roscoe's Crim. Ev. Sharswood's Ed., 638, * 639. If an administrator is appointed after the theft and before indictment, the property may be laid in the administrator. Per Shaw, C. J., *Wonson v. Sayward,* 13 Pick., 403. And the property may be laid in the person having actual or constructive possession, or the general or special property in the goods. R. S., Chap. 133, Sec. 12. *Com. v. McGorty,* 114 Mass., 299, decided under a similar statute.

In the instant case the only testimony as to the ownership of the car was given by Maurice Deleware, who testified that he was in the car at the time of the accident; that his brother was killed in the accident; that an administrator was appointed the day before the trial; that the deceased brother, Charles C. Deleware, Jr., owned the car; and that no other person owned any interest in it. There is no evidence that anybody had actual or constructive possession of the car at the time of the theft; it was lying at the roadside, where it was left at the time of the accident. No person had exercised any control over it; on the evening of the accident a deputy sheriff had taken the cushions and other movable articles to his house for safe keeping. Assuming that the grand jury knew all the facts when finding the indictment, which were disclosed at the trial, it cannot be said that

there was any evidence that the owner was not unknown to the grand jury. Therefore the question does not arise in the case. *Com. v. Thornton,* supra.

> *Exceptions overruled.*
> *Judgment for the State.*