STATE OF MAINE
*vs.*
FRED T. SMALL

Lincoln.    Opinion, February 11, 1960.

*James Blenn Perkins,* for plaintiff.

*Basil Latty,*
*David Klickstein,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER, SULLIVAN, DUBORD, SIDDALL, JJ. TAPLEY, J., did not sit.

SIDDALL, J. On Exceptions. The respondent was indicted for breaking, entering, and larceny in the nighttime and was found guilty after a jury trial in the Superior Court for the County of Lincoln. The indictment contained three counts. One count alleged a prior conviction of robbery against the respondent. The jury returned a verdict of guilty on all counts.

The respondent duly filed a motion in arrest of judgment based upon the following grounds:

(1) That the indictment did not sufficiently charge an offense against the respondent under the Constitution and Laws of the State of Maine.

(2) That the indictment did not allege that the property taken was owned by anybody or by any legal entity.

(3) That the indictment did not allege any proprietary interest in anybody, or any legal entity in the property alleged to be taken.

(4) That the indictment did not allege that the property taken was not the property of the respondent.

The motion was overruled by the presiding justice, and respondent filed exceptions.

As a part of its proof of the prior conviction and sentence, the State offered in evidence a copy of the record of the conviction and sentence in the Cumberland County Superior Court of one Fred T. Small for the crime of robbery, such copy being signed and attested by the Clerk of such court and under its seal. Counsel for the respondent objected to the admission of this document on the ground that it was not the best evidence and that it was hearsay. The document was admitted *de bene* subject to further testimony being presented identifying the Fred T. Small named therein as the respondent in the instant case. The respondent filed exceptions to the admission of this document.

The respondent was sentenced under the provisions of R. S., 1954, Chap. 149, Sec. 3, which authorizes an increased sentence upon conviction of a felony in those cases in which conviction and sentence to a state prison for a prior offense have been alleged and proved.

We consider first the respondent's motion. The respondent was indicted for breaking, entering, and larceny. The indictment alleged that the respondent broke and entered the schoolhouse of the Boothbay-Boothbay Harbor Community School District and stole therefrom certain personal property "in the custody of Clifford H. Buck, Principal of

the Boothbay Region High School, who was then and there holding said property for the beneficiaries of the Boothbay Region High School Activities Fund." The first and second counts contained identical language except in one count the building which allegedly was broken into was described as a building in which valuable things were kept, and in the other count as a building for public use.

Under our statutory definition of larceny the personal property alleged to have been stolen must have been "the property of another." R. S., 1954, Chap. 132, Sec. 1. Our statute in this respect follows the common law definition of larceny.

The issue raised by the respondent's motion is whether or not the allegations in the indictment as quoted above are sufficient allegations of ownership in another of the property which was the subject matter of the alleged larceny.

It is a fundamental principle of criminal procedure that an indictment must contain a direct allegation of every essential element of the crime charged.

An essential element of the crime charged in this case is that the property alleged to have been stolen was the property of one other than the respondent. This element must be alleged and proved. The name of the owner if known must be set forth in the indictment. *State* v. *Davidson,* 119 Me. 146, 109 A. 593; *State* v. *Bartlett,* 55 Me. 200; *State* v. *Polland,* 53 Me. 124; *State* v. *McAloon,* 40 Me. 133; *McKee* v. *State* (Ga.), 37 S. E. (2nd) 700; *State* v. *McGraw* (W. Va.), 85 S. E. (2nd) 849; *Nickles* v. *State,* 86 Ga. App. 290, 71 S. E. (2nd) 578; *Pownall* v. *People* (Colo.), 311 P. (2nd) 714. For a general discussion of the same principle see WHARTON'S CRIMINAL LAW (12th Ed.), Sec. 1222; 52 C. J. S., Larceny, Sec. 80; 32 Am. Jur., Larceny, Sec. 113.

The purposes of the requirement of an allegation of ownership in larceny indictments are to inform the respondent

of the exact nature of the crime charged and to enable him to defend himself against a subsequent prosecution, and also to negative ownership in the respondent.

Ownership of the property taken, when unknown, may be alleged to be in persons unknown. See *State* v. *Davidson, supra; State* v. *Polland, supra.* However, "if it appears from the evidence in the case that the name of the owner was in fact known to the grand jury, the respondent should be discharged, subject to be tried on a new indictment adapted to the facts in the case." *State* v. *Davidson, supra.*

Although every indictment for larceny must allege an ownership of the property taken, there are no particular words which the law requires to be used. Words must be used that convey clearly the idea that certain persons named are the owners of the property taken. *State* v. *Bartlett, supra.* In that case it was held sufficient to allege that the property taken was "of the goods and chattels of" several persons named therein. Likewise in *State* v. *Leavitt,* 66 Me. 440, cited in respondent's brief, the term "of the goods and chattels" of a named person was held to be a sufficient allegation of ownership. In *State* v. *Polland, supra,* also cited in respondent's brief, it was claimed that the owner of the property stolen was not stated in a complaint which alleged the larceny to have been of "one sheep of the value of five dollars, the property of another person, who is unknown to your complainant." The court held the complaint sufficient. In each of these cases the words used clearly indicated ownership of the property taken in a person or persons named, or in persons unknown. On the other hand, in *State* v. *McAloon, supra,* in which the validity of an indictment for receiving stolen property was an issue, that part of the indictment which set forth the larceny by the principal contained an allegation that the property taken was "in the possession of" a named person. The court held it to be necessary to allege and prove the ownership of the prop-

erty stolen, or that the principal had been convicted, and that the indictment did not contain either allegation.

The respondent's counsel also cites in his brief the case of *State* v. *Somerville*, 21 Me. 14. In that case the indictment read "of the goods, chattels, books and property of one Zabdiel Hyde, then and there in the possession of one William Hyde." The indictment clearly set forth ownership in the property, and the issue was whether the proof supported the allegations of ownership. The court held "that proof that the person alleged to be the owner had a special property in the goods taken was sufficient to support the allegations of ownership in the indictment." Likewise, in the case of *State* v. *Pettis*, 63 Me. 124, also cited by the respondent, the complaint alleged the taking of certain property "of the goods, chattels, and property" of a named person. The court held that the allegation of property was sustained if the person named held possession of them under a loan from or contract of sale with the owner. In *State* v. *Jutras*, 154 Me. 198, also cited by respondent, the court merely decided that proof of bailment was sufficient evidence of ownership. The complaint in that case is not set forth in the opinion. The record, however, shows that the complaint alleged the articles taken to be the "property of Joseph Taylor." In each of the above cases the process clearly indicated that the persons named therein were the owners of the property taken, or that the owners were unknown, and the question of the sufficiency of the allegation of ownership was not an issue. The issue before the court in each case was whether the proof of ownership followed the allegation. It may be noted at this time that the provisions of what is now R. S., 1954, Chap. 145, Sec. 12, hereafter discussed, were in effect at the time of the commission of the alleged offense in each of these cases. These provisions when applied to larceny cases have eliminated in many respects the problem of variance between the allegation of ownership and the evidence in proof thereof.

The indictment alleges that the property taken was in the custody of the principal of the Boothbay Region High School for "the beneficiaries of the Boothbay Region High School Activities Fund." The beneficiaries of this fund were obviously members of an unincorporated association. It has been generally held that an indictment charging the larceny of property belonging to a partnership or an unincorporated association, in the absence of a statute permitting the property to be laid in the association by name, or in one or more of its officials or members, should allege the property to be in certain named persons who are the individuals composing the partnership or association. See 52 C. J. S. 887; 32 Am. Jur. 1027; WHARTON'S CRIMINAL PROCEDURE, Vol. II, (10th Ed.), Sec. 872. This rule has been relaxed, without the benefit of a statute, in some jurisdictions in cases of churches and benevolent and fraternal societies having officers and trustees or other governing bodies, in which cases the ownership may be laid in such officers, trustees, or governing body. WHARTON'S CRIMINAL PROCEDURE (10th Ed.), Vol. II, *supra;* 18 Am. & Eng. Anno. Cases 1123. The rule is different, however, in cases of larceny from corporations. The property of a corporation is in the corporation itself and not in its members, while the property of an unincorporated association is in the members thereof. Thus it is sufficient to allege ownership of property taken from a corporation as being in the corporation. It has been held in this State that under some circumstances the fact of incorporation need not be alleged. In *State* v. *Hume,* 145 Me. 5, 70 A. (2nd) 543, cited by the respondent on the issue of the sufficiency of the allegation of ownership, the articles taken were alleged to be "the property of said Maine Central Railroad Company." No allegation was made that such company was incorporated, and a motion in arrest of judgment was filed alleging the indictment defective because of that omission. Our court following the case of *Norton* v. *State,* 74 Ind. 337 held

that when a name was used in an indictment which was apparently a corporate one, a corporate existence might be implied without being averred.

We are now led to an examination of R. S., 1954, Chap. 145, Sec. 12, referred to previously in this opinion, to determine in what respect, if any, the requirements relating to an allegation of ownership in larceny cases have been altered. R. S., 1954, Chap. 145, Sec. 12, reads as follows:

"**Owner of property, as used in indictment.** — In an offense in any way relating to real or personal estate, it is sufficient and not a variance if it is proved at the trial that, when the offense was committed, the actual or constructive possession of or the general or special property in the whole of such estate or in any part thereof was in the person or community alleged in the indictment to be the owner thereof."

This provision is by no means of recent origin. It appears in substantially the same form in Chap. 167, Sec. 8, of the Revised Statutes of Maine passed October 22, 1840. This provision simplifies criminal pleading in cases relating to the ownership of real or personal property. In cases involving larceny an allegation of ownership in one having either the general or a special property in the whole or in any part of the property taken is sufficient and the introduction of evidence that other persons also have an interest in the property taken is not open to objection on the ground of variance. The statute in no way eliminates the necessity of alleging ownership in a person or persons other than the respondent. On the contrary, it recognizes the necessity of such an allegation. Applying the statute to the facts of the present case, if, by proper language, one of the members of the unincorporated association had been named as the owner of the property taken, the issue now being discussed would have presented no problem. It should be noted that we are here concerned with a question of *pleading* and not

one of *proof*. The State must prove a felonious taking on the part of the respondent of the "property of another." However, if it appears in evidence that the property was owned by the person named and others, the State has carried its burden of proof as to ownership, provided that the circumstances of the ownership are such that the respondent himself had no right to take the property.

In view of the principles of law and decisions discussed herein, we must conclude that the wording of the indictment in this case does not meet the necessary requirements in relation to the ownership of the property alleged to have been taken. The words "in the custody of" are no more indicative of ownership than the words "in the possession of" as used in the process in *State* v. *McAloon, supra,* and the allegation of custody in a certain named person for the benefit of unnamed beneficiaries of an unincorporated or voluntary association is not equivalent to an allegation of ownership in a named person other than the respondent, or in an entity capable of owning property. If it was the intent of the State to allege ownership in the principal of the school, the allegation was insufficient for that purpose; if the State intended to allege ownership in the beneficiaries of the association, the allegation was insufficient for lack of identification of any of the beneficiaries or members of the association.

The indictment in this case was fatally defective in not properly alleging all of the elements of the crime of larceny. A motion in arrest of judgment is the proper method to take advantage of this defect. See *State* v. *Hume, supra; State* v. *McAloon, supra.*

In view of our conclusions, it becomes unnecessary to discuss any other issue raised by the respondent.

The entry will be

*Exceptions sustained.*
*Judgment arrested.*