**STATE of Maine**

v.

**Brian OLIVER.**

Supreme Judicial Court of Maine.

Jan. 11, 1967.

Severin Beliveau, County Atty., South Paris, for plaintiff.

Basil A. Latty, Portland, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN, RUDMAN, and DUFRESNE, JJ.

MARDEN, Justice.

On exceptions.

The exceptions are 23 in number and are based upon four phases of the trial. Exceptions 1 through 7 were reserved upon the admissibility of evidence; exception 8 was reserved upon the denial of a motion for a directed verdict; exceptions 9 and 10 were reserved upon portions of the presiding Justice's charge to the jury; and exceptions 11 through 23 were reserved upon refusal of the trial court to give requested instructions. The exceptions will be discussed in the named categories, and seriatim when necessary.

The exceptant was charged by indictment with having on the 5th day of January, 1965, in the nighttime of said day, feloniously broken and entered "the camp of one Marion Rich" and stealing therefrom enumerated items of personal property belonging to Marion Rich.

Marion Rich did not appear as a witness and in connection with the proof of ownership of the camp in one Marion Rich and the ownership of the personal property allegedly so taken as being of the property of Marion Rich, objections were made and exceptions reserved.

"It is, as a general rule, indispensable to allege the ownership of any form of property involved in an offense, since this is one of the most important means of identification and the ownership must be proved as laid. Any * * * variance in the proof will render the indictment bad." Directions and Forms for Criminal Procedure, Whitehouse & Hill § 37, citing Bishop's New Crim.Pro., Vol. I §§ 158 and 488 b. 3.

See also State v. Small, 156 Me. 10, 13, 157 A.2d 874.

Since 1840 Maine has had a statute to alleviate the common law strictness in proof of such matters, which statute is now 15 M.R.S.A. § 752, and in pertinent part reads as follows:

"In an offense in any way relating to real or personal estate it is sufficient and not a variance if it is proved at the trial that, when the offense was committed, the actual or constructive possession of * * * the * * * property * * * was in the person * * * alleged in the indictment to be the owner thereof."

Within the leeway provided by this statute, the State sought to prove the ownership of the camp and the personal property taken, to be in Marion Rich by calling the caretaker of the premises involved.

The camp was seasonally occupied by Marion Rich and her family and for the year 1964 the period of occupancy was from about June 20, 1964 to October 1, 1964. Keys to the property were left with the caretaker, who visited the premises on the first or second of January, 1965, and again on January 18, 1965, within which interim a forceable entry had been made and articles removed. The break was alleged to have taken place on January 5, 1965.

On January 5, 1965 Mrs. Rich was not in actual possession of the camp or its contents and if the required proof is to be met, it was encumbent upon the State to establish that Marion Rich was in constructive possession of the goods stolen.

In connection with this attempted proof, the caretaker was permitted, over objection, to answer that he worked for "her (Marion Rich's) husband" and exception 1 was taken.

Later, "Q How often, Mr. Gorman, did you go to the Rich camp?" Answer to this question was permitted over objection and exception 2 was taken.

Again, "Q Now, who stayed or lived in this camp, in this cottage at Albany?" Over objection, the witness was allowed to answer. "Mrs. Marion Rich." Exception 3 was taken.

Subsequently, "Q Now, other than Marion Rich and her husband, Gilbert, has anyone else lived in that camp at Albany?" Over objection the witness was allowed to answer "Nobody" and exception 4 was taken.

In connection with the admission, as exhibit, of a trunk bearing the name of Steven Rich, controversy arose as to some other marks on the trunk, the nature of which is not revealed. To the admission of the trunk as an exhibit, the respondent objected and, upon admission, reserved exception 5.

Further, with relation to articles which were removed from the trunk, came "Q * * * In whose possession were the articles which you've testified were in this trunk?" Over objection, the witness was permitted to answer "Mrs. Marion Rich." Exception 6 was taken. Continuing, "Q Now, also in whose possession was this camp or cottage that you referred to at Albany?" Over objection, the witness was permitted to answer "Mrs. Marion Rich." Exception 7 was taken.

■ Absent direct evidence on the ownership of the personal property which was allegedly stolen, proof of the offense rested upon establishing that Marion Rich was in actual or constructive possession of the goods. Marion Rich was not living in the camp on January 5, 1965 and her whereabouts at that time were not dis-

closed. The caretaker did not reside on the premises. The caretaker testified that he had the only set of keys to the camp "Except what she (Marion Rich) takes home with her." It is not clear whether Marion Rich also had keys to the camp on January 5, 1965. With relation to determining possession of the personal property in the camp, the location of keys controlling access to the property, was pertinent.

■ The questions to which exceptions 1, 3, and 4 were taken were not prejudicial and those exceptions are overruled.

■ The question "How often, Mr. Gorman, did you go to the Rich camp?" embodies within its context and within the question itself an assumption that the ownership of the camp was in Marion Rich, which ownership had not been established, and its admission was error. Exception 2 is sustained.

■ Exception 5 was to the admission of the trunk exhibit bearing some mark or label not disclosed in the record and for lack of information, cannot be made a subject of error. If the exception was taken to the admission of the evidence, because it bore the name "Steven Rich," no prejudice resulted, and exception 5 is overruled.

■ Exception 6, as recited in the bill of exceptions, was to a question which was excluded and exceptant takes nothing by it. This exception was taken to a question and answer not made a part of the bill of exceptions.

■ In the question "Now, also in whose possession was this camp or cottage that you referred to at Albany?" The witness was permitted to answer "Mrs. Marion Rich" and which resulted in exception 7. This question not only embodied within it one of the elements of proof which it was the jury's responsibility to determine, but solicited, as applied to the case, a legal conclusion which the witness could not or should not have been permitted to express. The gravity

of the allowance of this question and answer is emphasized by reason of the fact that in the presiding Justice's charge to the jury, he overlooked instructions on the definition of possession and constructive possession, to enable the jury to apply the reference statute and to that extent did not submit to it a primary question of possession of the goods allegedly stolen. The challenged answer was left as conclusive of that issue. This exception is sustained.

■ Passing exception 8 for the moment, exceptions 9 and 10 were taken to the Court's reference to the evidence in his charge to the jury, in which the cottage (camp) was referred to as the "Marion Rich cottage." Without embodying in his instruction a discussion of ownership, and definitions of possession and constructive possession, a controlling element in the case was left in a vacuum. Exceptions 9 and 10 are sustained.

Exceptions 11 through 13 and 17 through 23 were reserved to the Court's denial of requested instructions bearing upon the status of an accomplice as a witness for the State, corroboration of that accomplice's testimony, the weight to be given the testimony of an accomplice, an examination of the motives of an accomplice in turning State's evidence, presumption of innocence and nonproduction by the State of available evidence.

■ While the Court's instruction upon the points so raised, except that having to do with non-production of available evidence, were not in the terms which the accused requested, they were properly and adequately covered, and the court was not bound to repeat them. State v. Ernst, 150 Me. 449, 459, 114 A.2d 369. The instruction requested as to absence of evidence available to the State had no factual basis and was properly refused. Exceptions 11, 12, 13, and 17 through 23 are overruled.

■ Denied instructions which were the basis of exceptions 14, 15, and 16 had to do with deficiency of evidence bearing upon

ownership and possession of the camp and contents. The denial was error and these exceptions are sustained.

■ Inasmuch as the exceptions noted are sustained, the verdict is set aside, Hayden v. Maine Central Railroad Company, 118 Me. 442, 445, 108 A. 681, and discussion of exception 8 is not necessary.

Exceptions 2, 7, 9, 10, 14, 15, and 16 sustained.

Exceptions 1, 3, 4, 5, 6, 11, 12, 13, and 17 through 23, overruled.