**STATE of Maine**

v.

**James D. KIMBALL.**

Supreme Judicial Court of Maine.

June 25, 1976.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou, Asst. Dist. Atty., Portland, for plaintiff.

Ray R. Pallas, Westbrook, for defendant.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY, WERNICK, ARCHIBALD and DELAHANTY, JJ.

POMEROY, Justice.

This appeal from a judgment entered on a verdict of guilty to the charge of breaking, entering, and larceny in the nighttime raises but one narrow issue, i. e., was there a fatal variance between the proof of ownership of the property into which the breaking took place and the property taken therefrom and the allegation of ownership found in the indictment.

We conclude there was no such fatal variance and deny the appeal.

■ After the State had presented its case and rested, the appellant moved for judgment of acquittal. After such motion was denied, the appellant then presented evidence in his behalf. He failed to move for judgment of acquittal at the close of all the evidence. We must then review this present appeal in the context of M.R.Crim. P., Rule 52(b). *State v. Hanson,* Me., 331 A.2d 375 (1975); *State v. Gamage,* Me., 301 A.2d 347 (1973).

The indictment with which we are concerned alleged the appellant

"did break and enter in the nighttime a building in which valuable things are kept, the property of the Sabbathday Lake Society of Shakers, Inc., a corporation, . . . did steal, take and carry away one (1) seven foot high Shaker grandfather clock with brass works, one (1) pine laminated Poland Hill Box and one (1) light maple and butternut four slat rocker with scroll arms, all property of value, the property of said Sabbathday Lake Society of Shakers, Inc."

The State in its brief concedes that proof of ownership was a variance from the allegation of ownership described in the indictment. At trial the State attempted to establish ownership of the buildings in which the break took place and the ownership of the property taken therefrom through the testimony of a Dr. Johnson.

The State's attorney proceeded to ask this question of the witness:

"Q  All right. Is it true that the Society is organized under the name of the United Society of Shakers Sabbath Day Lake, Incorporated?

"A  This is the name of the Society as organized for historic preservation and restoration causes. Then there is also the Church itself. The United Society of Shakers which is an unincorporated religious body first established in 1782."

At another point in his direct examination, the witness testified:

"I am the Director of the Shaker Museum and of the Shaker library."

At another point in his testimony he was asked:

"Q  Now, at this time in October of 1974 between the 14th and 24th of that month, were you in charge of the buildings and the contents of the buildings in your possession as curator of the museum?

"A  That's correct."

Still later:

"Q  Were the buildings and the property owned by the Society?

"A  They were and are, right.

"Q  And the Society you say does have a legal corporation which has been formed?

"A  Right.

"Q   In which the name of the property is recorded, is that right?

"A   That's right."[1]

The evidence produced at the trial described in great detail the location of the building from which it is alleged the stolen property was taken.   Not only was its geographical relationship to other buildings described but there was also detailed description of its relationship to Route 26.

The indictment alleged the crime to have been committed on or about October 19, 1974.   The proof followed exactly the allegation in the indictment as to the date.

The items taken from the building were described in the indictment as

"one (1) seven foot high Shaker grandfather clock with brass works, one (1) pine laminated Poland Hill box and one ■ light maple and butternut four slat rocker with scroll arms, . . . ."

The proof followed this description exactly.

"Both allegation and proof is required to show that the accused was taking property to which he had no right." *State v. Estabrook*, Me., 241 A.2d 880, 882 (1968).

Clearly, the allegation and proof in the case now before us were sufficient to show the appellant was taking property to which he had no right. *State v. Small*, 156 Me. 10, 157 A.2d 874 (1960).

■ Ownership of goods allegedly stolen need not necessarily be established by direct proof; ownership may be proven by circumstances and inferences as well as by direct evidence. *State v. Small*, Me., 267 A.2d 912 (1970).

■ The names of the owners of stolen property constitute no part of the offense. The owner's name is stated in an indictment primarily as a description for the purpose of identification and to show ownership in a person or persons other than the accused. *State v. Davis*, 61 N.J.Super. 536, 161 A.2d 552 (1960).

The weight of authority has long been that if the proof presented substantially adheres to that outlined in the indictment and the indictment supplies sufficient information to apprise the defendant of the actual charge against him thus avoiding any possible prejudice and protects him against a subsequent prosecution for the same offense, the variance will be deemed immaterial. *1 Underhill, Criminal Evidence*, § 85 at 139–140 (5th ed. 1956).

In the case now before us the allegations clearly apprised the appellant of the charge he was to meet.   No claim of prejudice is made nor could it be.

■ It has long been the rule in this State that proof that the person alleged to be the owner had a special property interest in the goods taken is sufficient to support an allegation of ownership in the indictment. *State v. Somerville*, 21 Me. (8 Shep.) 14 (1842); *State v. Pettis*, 63 Me. 124 (1873); *State v. Jutras*, 154 Me. 198, 144 A.2d 865 (1968); *State v. Gleason, Sanderson, and Rich*, Me., 359 A.2d 308 (1976).

■ The purposes of the requirement of an allegation of ownership in larceny indictments are to inform the respondent of the exact nature of the crime charged and to enable him to defend himself against a subsequent prosecution and also to negative ownership in the respondent. *State v. Small*, supra, 156 Me. at 14, 157 A.2d 874.[2]

■ In the case now before us we see no reason why the allegations in the indictment taken together with the evidence produced (as revealed by the transcript) did not constitute an abundance of evidence to protect the appellant from double jeopardy.

---

1.  It is obvious from reading the record that the witness had no conception of the legal significance of the subject matter of the inquiry.

2.  *See* 15 M.R.S.A. § 752.

The evidence in this case as to ownership of the real estate and the personal property taken is certainly not clear. We are not satisfied the evidence presented by the State is at variance from the allegations in the indictment that the property which was the subject matter of the larceny was the property of the Sabbathday Lake Society of Shakers, Inc.,[3] nor are we satisfied that ownership of the real estate was incorrectly described in the indictment as the property of the Sabbathday Lake Society of Shakers, Inc., as the term *"property of"* has been interpreted by this Court in numerous cases earlier cited.

Even if there were a variance, such variance was not material and was therefore harmless.

The entry is:

Appeal denied.

WEATHERBEE, J., sat at argument and participated in consultation but died prior to preparation of opinion.

All Justices concur.

---

3. This, despite the concession which the State makes in its brief concerning variance.