STATE

*vs.*

ROBERT S. THOMES.

Cumberland.   Opinion April 2, 1927.

*In an indictment for larceny the property should be described with sufficient particularity to enable the court to see that it is the subject of larceny; to inform the accused of what he is charged with taking and to protect him from being again put in jeopardy for the same offense.*

The property should be described with reasonable certainty or the reason for not doing so should be stated.

A description of money is incomplete without a statement of its value and without some further identifying particulars, unless excuse is offered for lack of them.

Entirely aside from the matter of description a definite allegation of value is necessary, in this state, in order to determine the grade of the offense.

An indictment for larceny in which several articles are described and the aggregate value of the articles is stated, may be good.

An indictment in which any one article is properly described and the value of that article stated, may be good.

An indictment good in part and bad in part will stand against the attack of a general demurrer.

An indefinite description of property may suffice if the indictment states the reason for the lack of particularity.

But an indictment for larceny must contain a sufficient description of at least one article to satisfy the rules above stated and the allegation of value must definitely relate to the article so described.

On exceptions.   Respondent was indicted under section I, chapter 122 of the Revised Statutes.  A general demurrer was interposed reserving the right to plead anew, alleging that the property was not sufficiently described.  The demurrer was overruled and respondent excepted.   Exceptions sustained.

The case appears in the opinion.

*Ralph M. Ingalls, County Attorney, and Franz U. Burkett, Assistant County Attorney,* for the State.

*William H. Gulliver and William B. Mahoney,* for respondent.

SITTING: WILSON, C. J., PHILBROOK, DUNN, DEASY, BARNES, BASSETT, PATTANGALL, JJ.

PATTANGALL, J. Indictment for larceny under section 1, chapter 122 R. S. General demurrer. Right to plead anew reserved. Demurrer overruled. Exceptions taken.

Demurrer is based on the failure to sufficiently describe the property alleged to have been the subject of larceny. That portion of the indictment reads:

Sundry. gold, silver, nickel and copper coins, national bank bills, United States treasury notes and certificates and Federal Reserve notes, checks, bills of exchange and other security for money and things of great value all of the aggregate value of one Thousand Dollars.

In an indictment for larceny the property should be described with sufficient particularity to enable the court to see that it is the subject of larceny; to inform the accused of what he is charged with taking and to protect him from being again put in jeopardy for the same offense.

Very great particularity is not required. But the articles should be described with reasonable certainty, such certainty as will enable the trial court to determine whether the evidence offered in support of the indictment relates to the same property on which the indictment was founded. If for any reason this cannot be done, the reason for not doing it should be stated in the indictment. *State v. Dawes,* 75 Maine, 51.

The grand jury may transfer to the indictment such a description as the witnesses can furnish, and allege that further particulars are to them unknown. 3 *Bishop New Crim. Pro. Second Edition,* 1673. The indictment should describe the property with reasonable certainty and, if a sufficiently certain description cannot be given, because unknown, that fact should be alleged in the indictment. 11 R. C. L. 56. The usual allegation excusing a complete description is, "a more particular description of which is to your jurors unknown."

If in an indictment charging the larceny of several distinct articles or groups of articles, any one article or group is described with sufficient certainty, an insufficient description of the other articles will not vitiate the indictment. *Commonwealth v. Eastman,* 2 *Gray,* 76.

An indictment is good in which several articles of property, each

described properly, have been valued in the aggregate, instead of separately. *State v. Hood,* 51 Maine, 363; *State v. Gerrish,* 78 Maine, 20.

If this indictment contains a charge of the larceny of any properly described property the demurrer was properly overruled, otherwise not.

Aside from the various kinds of money enumerated in the indictment, the property described divides into the following groups: "checks," "bills of exchange," "other security for money," "things of great value."

No separate allegation of value attaches to any one of these groups. It is not necessary to allege such separate value, provided the group is sufficiently described otherwise but such an allegation is often useful as an assistance in identifying a group or an article and becomes a part of the description thereof.

"One promissory note of the value of three hundred dollars" was held good in *Com. v. Brettum,* 100 Mass. 206. Bishop quotes this case but adds "the phrase, 'sundry promissory notes' adding their collective value was adjudged to be too indefinite." 3 *Bishop New Crim. Pro. Second Edition,* 1692. But "divers promissory notes of the amount and value of $5000," was held good in *Com. v. Butts,* 124 Mass. 449, when accompanied by the allegation "a more particular description of which is to your jurors unknown," and, with a like excuse for sufficient particularity, "Divers promissory notes, payable to bearer, current as money in said Commonwealth of the amount and value of $80" was sufficient in *Com. v. Gallagher,* 126 Mass. 54. Also under similar circumstances, the court in *Com. v. Green,* 122 Mass. 333 upheld the description "Divers promissory notes of the amount and value of $87."

The difference between these allegations and that quoted by Bishop apparently being that they were supplemented by the allegation of want of accurate knowledge on the party of the grand jury.

"Sundry bank bills current within said Commonwealth, amounting to the sum of $210", without any allegation excusing the lack of definiteness was held good in *Com. v. Stebbins,* 8 Gray, 492. But this case stands by itself and rests upon no authority other than the mere dictum of *Larned v. Commonwealth,* 12 Met. 245.

The present indictment contains no allegation of lack of information on the part of the grand jury. If an indictment in which the

stolen property is described as "sundry promissory notes," giving the collective value is insufficient, without the averment of lack of more particular knowledge, it would seem to clearly follow that the descriptions, "checks," "bills of exchange," "security for money," "things of great value," as alleged in this indictment cannot be upheld.

There remains to be considered "sundry gold, silver, nickel and copper coins, national bank bills, United States Treasury notes and certificates and Federal Reserve notes." No value of these various kinds of money is stated. The aggregate value of all of the property declared on is said to be $1000. The value of the money may be said to be $1000.00 less the combined values of the "checks," "bills of exchange," "security for money," and "things of great value."

In *State* v. *McClung*, 35 W. Va. 280, the court said: "One pair of pantaloons and other goods and chattels, all of the value of $24.00 is bad—because it specifies only one of the things taken and alleges that other goods and chattels were stolen, without specifying them and gives a value of $24.00 to all of them together."

The value of the alleged stolen money is not given in this indictment, nor is there any method of arriving at that value by computation. It might well be stated as $1000. minus X—the unknown quantity standing for the value of the remaining property.

Money has been variously described in indictments for larceny. In *Com.* v. *O'Connell*, 12 Allen, 451: "A quantity of bank bills, current within this Commonwealth, amounting to $150", was held good, as was the description "copper coins to the value of two dollars and ninety-five cents" in *Com.* v. *Gallagher*, 16 Gray, 240. But in each of these cases the statement of value aided the description. In the instant case, to an indefinite description of the stolen money is added an indefinite value.

A description of money is incomplete without a statement of its value, and without some further identifying particulars, unless excuse is offered for lack of them. An allegation of simply so many dollars, or so many dollars in money without further description or reason for the omission is too indefinite. 2 *Bishop's New Crim. Pro.* 703.

And entirely aside from the matter of description a definite allegation of value is necessary, in this state, as a matter of determining

the degree of offense charged.    Value may not be proved as alleged but the allegation must appear.

An indictment for larceny in which several articles are properly described and the aggregate value of the articles stated, may be good. An indictment in which any one article is properly described and the value of that article stated, may be good.    An indictment good in part and bad in part will stand against the attack of a general demurrer, provided that the good and the bad can be separated.    An indefinite description of property may be sufficient if the indictment states the reason for the lack of particularity.

But an indictment must contain a sufficient description of at least one article of property to satisfy the rules above stated and the allegation of value must definitely relate to the article or articles so described.

This indictment does not measure up to these requirements.

*Exceptions sustained.*