COMMONWEALTH *vs.* WILLIAM P. MALONEY (and a companion case[1]).

Middlesex.     February 1, 1965. — March 2, 1965.

Present: WILKINS, C.J., SPALDING, CUTTER, SPIEGEL, & REARDON, JJ.

*Practice, Criminal,* Trial of indictments together. *Evidence,* Stolen property, Admissions and confessions. *Breaking and Entering. Larceny.*

No abuse of discretion appeared in the denial of a motion to sever and to try separately an indictment for breaking and entering a dwelling house and for larceny therefrom on a certain day and an indictment for attempted larceny of a motor vehicle on the same day. [613–614]

1 The companion case is Commonwealth *vs.* Raymond J. Bell.

Commonwealth *v.* Maloney.

There was no error at the trial together of indictments for larceny against two defendants in the admission in evidence as stolen property of two sets of tie clasps and cuff links, each defendant being found in possession of one set, where there was evidence that the exhibits were "exactly alike" and were "identical to" or "similar to" sets missing from the victims' apartment, even though no identifying marks were on the exhibits and other sets resembling them existed and it was not shown from which defendant each exhibit was taken.   [614–615]

No prejudice to the defendants appeared at the trial of indictments in the admission in evidence of nonincriminating statements by them at a police station while under arrest.   [615]

Evidence warranted conviction of two defendants for breaking and entering an apartment in the night time and for larceny of tie clasps and cuff links and money therefrom and for attempted larceny of a motor vehicle the same night.   [615]

INDICTMENTS found and returned on September 17, 1963.

In the Superior Court motions for severance were denied by *Tomasello, J.,* and the cases were tried together before him.

*Ronald J. Chisholm* for the defendants.

*Aaron K. Bikofsky,* Assistant District Attorney (*Ruth I. Abrams,* Assistant District Attorney, with him), for the Commonwealth.

SPIEGEL, J.   Separate indictments charged the defendants with breaking and entering a dwelling house in the night time with intent to commit larceny therein, and for larceny of "one watch, one jewel set and money."[2]   Additional separate indictments charged them with attempted larceny of a motor vehicle.   All of the crimes were alleged to have been committed on the same day.   The cases were tried together by a jury, who returned a verdict of guilty upon all of the indictments.[3]   The defendants appealed and here present eleven assignments of error.

There was evidence as follows: One Dupois lived with his stepson, one Linscott, in a third floor apartment at 68

---

[2] All testimony as to watches was excluded at the trial.

[3] Upon another separate indictment, the defendant Bell was also convicted of using a motor vehicle without the consent of the owner thereof, from which conviction an appeal was taken.   However, inasmuch as the defendants' brief does not refer to that conviction, the appeal therefrom is deemed waived.

Pinckney Street in Somerville. On August 12, 1963, Dupois and Linscott met the defendants at the Silver Star Cafe, and invited them to the apartment. The defendants went there in the early morning of August 13 and left a few hours later. On August 16, at about 3 P.M., Dupois and Linscott departed for New Hampshire. Prior to leaving, they locked the apartment, except for one window which was left partly open for air. A screen was put in the window. "[I]mmediately outside" the window was a fire escape. When Dupois and Linscott returned at about 8:30 P.M. on August 18, they observed that their apartment had been ransacked. Various of their possessions were missing, including two identical jewelry sets containing cuff links and tie clasps, a record player and records, a tool box, a camera and a "jar of change" containing about $9, mostly in pennies.

In the intervening period, at 2:30 A.M. on August 17, a crash was heard on Pinckney Street, and two men were seen near the automobile of one Agnes Mellor. "[O]ne of them . . . [kicked his] foot up and put it through" the front side window on the passenger's side (vent window), while the other "stood right beside him." The window was later found to be "completely smashed." When a witness "ran out and yelled something," the men began to flee, whereupon one of them, whom the witness recognized as the defendant Bell, stopped and "was coming back . . . [with] a board in his hand." When the witness's wife screamed, the men ran away. About five minutes later, a car occupied by two men raced along Pinckney Street chased by two police cruisers. The car crashed to a halt about two blocks from Agnes Mellor's automobile. The witness heard the crash, went to the site thereof, and saw the two men he had seen on Pinckney Street sitting in a police cruiser. Immediately after the car had crashed, the police had found the defendants alone in the car, the defendant Maloney "behind the driver's seat and Bell . . . beside him." A search of their respective persons revealed that Maloney was carrying $5 in pennies and a jewel case containing a

tie clasp and cuff links. Bell was found in possession of a jewelry case identical to that found on Maloney.

The first assignment of error cites the trial judge's denial of the motion to sever the indictments as to the different offences for purposes of trial. There was no error. "There is no difference in effect on the substantive rights of the defendant[s] and . . . [their] just protection in every material particular between bringing . . . [them] to trial upon several counts in one indictment or one complaint, on the one hand, and, on the other hand, bringing . . . [them] to trial upon several indictments or complaints, provided in each instance the divers crimes thus charged are such that they might have been charged in separate counts in the same indictment or complaint,[4] and settled by a single trial without requiring the prosecutor to elect. . . . When no substantial rights of a defendant are at stake, the interest of the public requires that the guilt of one accused of crime shall be decided as expeditiously and inexpensively as is reasonably practicable. . . . It was said in . . . [*Commonwealth* v. *Rosenthal,* 211 Mass. 50] that 'No sound reason can be given why several indictments charging different crimes arising out of a single chain of circumstances should not be tried together. Where several offenses might have been joined in one indictment, and would be proved by substantially the same evidence, or evidence connected with a single line of conduct, and grow out of what is essentially one transaction, and where it does not appear that any real right of the defendant[s] has been jeopardized,' " separate trials are not required. *Commonwealth* v. *Slavski,* 245 Mass. 405, 411–412. "The determination in such a case as to whether the defendants' or the Commonwealth's substantial rights will be prejudiced by consolidation or severance for trial rests in the sound dis-

---

[4] The pertinent statute in this regard is G. L. c. 277, § 46, which provides: "Two or more counts describing different crimes depending upon the same facts or transactions may be set forth in the same indictment if it contains an averment that the different counts therein are different descriptions of the same acts." There has not been exact conformity with this section in the cases. *Commonwealth* v. *Burke,* 342 Mass. 144, 147.

cretion of the judge." *Commonwealth* v. *Iannello,* 344 Mass. 723, 727. It was reasonable for the judge to assume, on the basis of the indictments and the arguments of counsel for the Commonwealth, that the separate offences were contiguous in time and connected in purpose to the extent that the successful consummation of the burglary might have depended on an escape by motor vehicle. It could reasonably appear, then, that the separate offences would be proved by "evidence connected with a single line of conduct, and grow out of what is essentially one transaction." We have reviewed the contentions made by the defendants and the Commonwealth at the hearing on the motions to sever and find no basis for ruling that the denial of the motions was an abuse of discretion. See *Commonwealth* v. *Iannello,* 344 Mass. 723, 728. Compare *Drew* v. *United States,* 331 F. 2d 85, 87 (Ct. App. D. C.), where the defendant moved, both before and at the commencement of the trial, to compel separate trials of two charges; and, after verdict, moved for a new trial because of prejudice asserted to have occurred in, and by reason of, the joint trial.

The defendants' second through fifth assignments of error relate to the admission in evidence of the two jewel sets, each consisting of a tie clasp and cuff links. They contend that the articles were not sufficiently identified as stolen property. This contention ignores the evidence that the jewel sets were "exactly alike," that the exhibits were "identical to" or "similar to" the sets missing from the victims' apartment, and that "change," consisting of about $9 in pennies, was also missing therefrom. There was additional evidence that the defendants were in or near the area of the burglary about the time of its commission; that they were seen together during this period; that they were found together soon thereafter, each of them in possession of one of the jewel sets in question, and one of them in possession of $5 in pennies. It is reasonable to infer that the goods possessed by the defendants were those taken from the victims' apartment. We, therefore, think inconsequential the defendants' observations that there was no evidence

of identifying marks on the jewel sets, or that there was evidence that other jewel sets resembling the exhibits were in existence, or that it was not shown from which defendant the respective jewel sets were taken. There was no error in the admission of these exhibits.

The defendants' sixth and seventh assignments of error have to do with the admission of testimony concerning statements uttered by the defendants at the police station while under arrest. The statements are basically averments that the defendants purchased the jewelry sets found in their possession. The statements appear exculpatory relative to the crimes charged. Indeed, the defendants in their brief admit that the statements are "not incriminating." Furthermore, we note that at the time the statements were made no investigation of any larceny was in progress. Because they are not incriminating, there are no constitutional issues raised by their admission in evidence, although the defendants would have us believe otherwise. In any event, we are unable to determine any prejudicial effect the evidence might have had on the defendants. There was no error.

The eighth through eleventh assignments of error are based on the trial judge's denial of the defendants' motions for directed verdicts of not guilty on the indictments in question. We have considered the defendants' contentions in this regard but do not think that it would contribute to our jurisprudence to repeat our previous recitation of the evidence, which is also pertinent to this final issue. It is enough to say that in light of the governing principles of law, as most recently stated in *Commonwealth* v. *Croft,* 345 Mass. 143, 144, there was no error in the denial of the defendants' motions.

*Judgments affirmed.*