People of the State of Illinois, Plaintiff-Appellee, v. William Chapman, Defendant-Appellant.

Gen. No. 49,991.

First District, First Division.

December 27, 1965.

Stephen Jurco, of Chicago (James R. Mitchell, of counsel), for appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Kenneth L. Gillis, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court.

Defendant, William Chapman, appeals from convictions on his plea of guilty to three robbery indictments. He contends "that he was entitled to representation at the arraignment and at all subsequent stages of these proceedings by counsel; that although he was formally represented by an Assistant Public Defender, the said Assistant Public Defender was unable to give defendant his undivided loyalty by reason of the fact that the said Assistant Public Defender, without the consent of defendant, represented a codefendant in the same proceedings whose interests were in conflict or potentially so with those of this defendant. By reason of the said conflict of interest defendant was deprived of his right to counsel."

Defendant was named with Roosevelt Jones in all three indictments and the cases were tried together at the trial level. They are treated in like manner on appeal.

The records disclose that on February 9, 1962, the Public Defender was appointed to represent the defendant, and at the arraignment hearings on February 26, private counsel appeared on behalf of Jones. The state furnished Chapman with two separate lists of witnesses present when "the defendant made at least two separate oral confessions and a copy of a three page typewritten

125

confession that the defendant gave to the police." The record also shows that at one time prior to the hearings, defendant "manifested a desire to speak with the State's Attorney."

Jones was also furnished with two separate copies of lists of witnesses present when he "gave at least two separate oral confessions, a two page typewritten, signed confession he gave the police and a one page typewritten signed statement he gave the police." Both defendant and Jones waived the reading of the indictments and entered pleas of not guilty. Attorney for Jones stated that the matters could be "disposed of" and since he would be engaged elsewhere, and since Jones desired that the matter be concluded "at the earliest possible moment," instead of waiting for his return in the middle of March, Jones would be willing to allow the Assistant Public Defender to represent him. The court stated that the causes could be heard in about two weeks whereupon Jones' attorney spoke up saying that as long as Jones did not object to the Public Defender representing him he would withdraw. He indicated that he had made his investigation and had discussed the matters with the Assistant Public Defender. The court then inquired of Jones whether he had any objection and after he answered in the negative the Public Defender was appointed to represent him, too.

On the appointed trial date, the Assistant Public Defender informed the court that both defendant and Jones desired to withdraw their pleas of not guilty and enter pleas of guilty to all indictments. Both waived their right to trial by jury. The court then informed them of the nature of the charges and admonished each as to the consequences of the pleas of guilty and of the punishment affixed by law. Both "persisted in said plea[s] and said plea[s] of guilty were received and entered." The judgments of conviction were thereupon entered from which defendant Chapman appeals.

126

The only contention raised by defendant on appeal is that he was "represented by an attorney who found himself in the embarrassing and difficult position of representing clients with adverse and hostile interests . . . ; that a conflict of interests did exist between himself and the defendant, Roosevelt Jones, and that under well established principles of law it was impossible for the Assistant Public Defender to represent simultaneously both men in the same criminal proceeding; . . . [and that] co-defendants in a criminal case are necessarily adverse to one another."

 We believe such contention to be untenable, and find no authority for sustaining such an abstract and unfounded argument. It is only when the interests of the joint defendants are *in fact* antagonistic that the court must grant separate trials or require separate legal representation. People v. Dolgin, 415 Ill 434, 448, 114 NE2d 389 (1953). A finding of adverse interests or incompetency or incompatibility of counsel cannot be based solely on mere assertions. People v. Wolff, 19 Ill2d 318, 322, 167 NE2d 197 (1960). Unless defendant properly establishes that a conflict of interest actually exists, or this fact becomes apparent during the trial itself, the court will not indulge in speculation to determine whether separate counsel, in the interest of justice and fair trial, is required. People v. Rose, 348 Ill 214, 180 NE 791 (1932) and People v. Bopp, 279 Ill 184, 116 NE 679 (1917).

 In the instant case, defendant raises the issue for the first time on appeal, abstractly and absent of any supporting facts. We have carefully examined the record to determine in what respect defendant could have been prejudiced or in what way his interests and those of codefendant Jones could be adverse or antagonistic. We find nothing that could indicate any such incompatibility or conflict. Neither defendant nor Jones testified, nor did either offer any evidence or assert any

contention or defense which could have been affected by an adverse position. Under such circumstances defendant could not have been prejudiced nor could he have received an unfair hearing.

Defendant says that at least his consent to the joint representation should have been obtained. The record indicates, however, that the defendant was present during all of the proceedings and was aware of the circumstances, yet did not object or request other counsel. He cannot now complain. Having shown no prejudice, disadvantage or injustice suffered by him he seeks to set aside the convictions. The interests of justice were fully served. Defendant had a fair hearing and proper legal representation. The convictions entered in these causes are affirmed.

Affirmed.

BURMAN, P. J. and MURPHY, J., concur.