### WILLIAM F. ENGLEHART *vs.* COMMONWEALTH.

Suffolk. January 2, 1968. — February 1, 1968.

Present: WILKINS, C.J., SPALDING, CUTTER, & KIRK, JJ.

*Practice, Criminal,* Assistance of counsel, Trial of defendants together. *Constitutional Law,* Assistance of counsel.

In the absence of any conflict of interest between, or any inconsistent defences of, two defendants in an indictment, one of them was not deprived of his right to assistance of counsel under the Sixth Amendment of the Constitution of the United States through an appointment of a single public defender to represent both defendants. [562]

No valid reason appeared for granting a separate trial to one of two defendants indicted for joint participation in a robbery. [562-563]

PETITION for a writ of error filed in the Supreme Judicial Court for the county of Suffolk on February 9, 1967.

The case was heard by *Reardon, J.*

*Edward F. Myers* for the petitioner.

*Willie J. Davis,* Assistant Attorney General, for the Commonwealth.

WILKINS, C.J. In this petition for a writ of error, see G. L. c. 250, §§ 1, 11, it appears that the petitioner and another were convicted in the Superior Court, Plymouth County, on an indictment charging armed robbery. The case was heard on a statement of agreed facts by a single justice, who ordered the petition dismissed. The petitioner excepted.

The petitioner and his codefendant were represented by the same public defender. At no time either before or at

the trial did the petitioner make any objection to this joint representation. At the arguments the petitioner's counsel informed us that he made no contention that there was any conflict of interest or any inconsistent defences. If we take counsel's statement on its face, the contention goes to the full extent of claiming a right in each individual defendant to separate court appointed counsel in any criminal case where there is more than one defendant, and an assertion that the absence thereof amounts to a deprivation of the right to the effective assistance of counsel in contravention of the Sixth and Fourteenth Amendments to the Constitution of the United States. This allegation goes far beyond any decision of the Supreme Court of the United States which has hitherto come to our attention. We cannot subscribe to it.

The petitioner suggests that his position is sustained by implication by *Gideon* v. *Wainwright*, 372 U. S. 335. We do not so read that case.

In the absence of a conflict of interest between the defendants, it was not error to appoint one attorney for their defence. *United States* v. *Dardi*, 330 F. 2d 316, 335 (2d Cir.). *Lugo* v. *United States*, 350 F. 2d 858, 859 (9th Cir.). *State* v. *Robinson*, 271 Minn. 477, 480. The defendant must show some conflict of interest between himself and the other defendant represented by the same attorney before he can successfully claim he was deprived of his right to counsel by the joint representation. *United States* v. *Bentvena*, 319 F. 2d 916, 937 (2d Cir.). *People* v. *Rogers*, 207 Cal. App. 2d 261, 270. *People* v. *Dolgin*, 415 Ill. 434, 448. The fact that the case against one defendant may have been stronger would not make their positions at trial inconsistent. *Holloway* v. *State*, 32 Wis. 2d 559, 569.

The petitioner makes the further contention that the trial judge erred in not granting him a separate trial. This lacks merit. The agreed facts do not show that such a motion was presented at any time to the trial judge, an omission which might be conclusive. See *Pummill* v. *United States*, 297 F. 2d 34 (8th Cir.). Moreover, the

petitioner and his codefendant were indicted for joint participation in a single robbery. The issues of fact were identical. No valid reason appears why both defendants should not have been tried together for their part in a crime involving a single chain of circumstances. *Commonwealth* v. *Smith, ante,* 442, 444. See *Commonwealth* v. *Iannello,* 344 Mass. 723, 727; *Commonwealth* v. *Maloney,* 348 Mass. 610, 613–614; ABA Adv. Comm. on the Criminal Trial, "Joinder and Severance," pp. 13–15 (November, 1967).

We are surprised to note on this point in the petitioner's brief an attempt to work out an alleged inconsistency of a single counsel in representing both defendants. This contention is of no avail. The attempted analysis of the supposed inconsistency is wholly unconvincing and unworthy of detailed discussion. It is plainly an afterthought. See *Lugo* v. *United States, supra; People* v. *Chapman,* 66 Ill. App. 2d 124, 127–128; *Holloway* v. *State, supra.*

*Exceptions overruled.*