**STATE of Maine**

**v.**

**Edward L. FITZHERBERT.**

Supreme Judicial Court of Maine.

June 10, 1968.

Charles H. Abbott, Asst. County Atty., Auburn, for plaintiff.

Fales & Fales, by Roscoe H. Fales, Lewiston, for defendant.

Before WILLIAMSON, C. J., and WEBBER, TAPLEY, MARDEN and WEATHERBEE, JJ.

WILLIAMSON, Chief Justice.

The defendant was indicted and convicted by a jury in Androscoggin County in

September 1967 for the crime of breaking, entering and larceny.[1] On appeal, he contends that the indictment was insufficient as a matter of law. The indictment reads:

"Indictment for Violation of 17 M.R.S.A. Section 2103. The Grand Jurors charge:

On August 29, 1967, in the City of Lewiston, County of Androscoggin, State of Maine, EDWARD L. FITZHERBERT, did break and enter the residence of Olive Adams and S. Russell Adams, a place in which valuable things are kept, and therein did with intent to permanently deprive Olive B. Adams of her property, steal, take and carry away twenty-six dollars ($26.00)."

The defendant gains nothing by his complaint that the indictment does not allege whether the crime took place in the daytime or in the nighttime. In the absence of a charge that the alleged crime took place in the nighttime it must be considered that he is charged with the offense taking place in the daytime, carrying the lesser penalty. It is plain that he was here found guilty of committing the offense in the daytime and the record shows that he was sentenced within the limits so provided by the statute.

The second complaint is that "residence" as used in the indictment does not come within the "dwelling house" provision of the statute. The State, however, brings the "residence" within the meaning of "other building" in which valuable things are kept. We are in accord with the position of the State. The term "residence" is defined as "a building used as a home: dwelling: * * *." See Webster's Third New International Dictionary (1961 edition).

No harm has come to the defendant from the use of the word "residence" in place of the words "dwelling house."

Lastly, and of more importance is that the complaint that the language "did * * * steal, take and carry away twenty-six dollars ($26.00)" does not adequately describe the property allegedly stolen.

The form of indictment for breaking, entering and larceny sufficient under the Rules reads: " * * * did * * * steal, take and carry away Two Hundred Fifty ($250.00) Dollars in money." 3 Maine Pract.Rules (Glassman) Rules 58 and 7, Form 11, pp. 63, 454.

The State followed the approved form, except for the omission of the words "in money." We are satisfied that the charge of $26.00 is clear notice to the respondent that he is charged with the larceny of that sum of money. While it would have been better practice to have added the words "in money" and thereby time-consuming argument would have been unnecessary, nevertheless the defendant was fully apprized of the charge against him.

The indictment meets the test of State v. Charette, 159 Me. 124, 127, 188 A.2d 898, 900 (1963).

"The test to be applied is whether a respondent of reasonable and normal intelligence, would, by the language of the indictment, be adequately informed of the crime charged and the nature thereof in order to be able to defend and, if convicted, make use of the conviction as a basis of a plea of former jeopardy, should the occasion arise."

---

1. "§ 2103. *Larceny of dwelling house by night or breaking and entering.*
"Whoever, without breaking, commits larceny in the nighttime in a dwelling house or building adjoining and occupied therewith, or breaks and enters any office, bank, shop, store, warehouse, barn, stable, vessel, railroad car of any kind, courthouse, jail, meetinghouse, college, academy or other building for public use or in which valuable things are kept, and commits larceny therein, shall be punished by imprisonment for not more than 15 years; and when the offense is committed in the daytime, by a fine of not more than $1,000 or by imprisonment for not more than 6 years." 17 M.R.S.A. § 2103.

**688**

In State v. Thomes, 126 Me. 163, 166, 136 A. 726, 728 (1927) we said:

"An allegation of simply so many dollars, or so many dollars in money, without further description or reason for the omission, is too indefinite."

Under our new rules of criminal procedure *Thomes* is no longer the law. Cf. State v. Woodworth, 151 Me. 229, 235, 116 A.2d 778 (1955) on curative power of verdict. Also on Bill of Particulars see Rule 7(f) and Glassman, supra, § 7.14.

The entry will be

Appeal denied.

DUFRESNE, J., did not sit.