**Donald W. GAYTON**

v.

**Allan L. ROBBINS et al.**

Supreme Judicial Court of Maine.

Jan. 21, 1971.

Charles A. Lane, Portland, for plaintiff.

John W. Benoit, Jr., Deputy Atty. Gen., Augusta, for defendants.

Before DUFRESNE, C. J., and WEATHERBEE, POMEROY and WERNICK, JJ.

WEATHERBEE, Justice.

In 1967 the Petitioner pleaded guilty to an information charging him with breaking, entering and larceny in the nighttime and was sentenced to serve a term in the State Prison where he is now confined. He later petitioned for the writ of post-conviction habeas corpus and submitted his case on a written stipulation of facts. The stipulation reads:

1) That the structure which was allegedly broken into was a funeral home; and

2) That attorney S * * * represented the petitioner and three other defendants simultaneously.

The Justice in the Superior Court denied Petitioner the writ. Both the allegations in the petition and Petitioner's Points on Appeal concern themselves only with these two stipulated facts.

First, Petitioner contends that his conduct did not constitute the offense with which he was charged. The information

charged Petitioner with breaking, entering and larceny in the nighttime in " * * * the dwelling house and business establishment, known as I. W. Andrews and Son * * * a certain building in which valuable things were then and there kept * * *." It sufficiently charged a violation of 17 M.R.S.A., § 2103. The Court had jurisdiction of the offense and of the person and Petitioner's plea of guilty, voluntarily made, admitted the facts charged by the indictment and is as binding on the Petitioner as a conviction after trial on the merits. Hamner v. State, Me., 223 A.2d 532 (1966); Jenness v. State, 144 Me. 40, 64 A.2d 184 (1949); United States v. Miller, 2nd Cir., 254 F.2d 523 (1958), cert. denied, 358 U.S. 868, 79 S.Ct. 100, 3 L.Ed.2d 100.

It should be noted that Petitioner's conviction occurred before the requirements of Rule 11, M.R.Crim.P. were construed with prospective effect by Child v. State, Me., 253 A.2d 691 (1969) in the light of McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969).

 Furthermore, the disclosure by the stipulation that the structure in question was actually a funeral home does not excuse his conduct. Petitioner urges us that a funeral home is a building in which it should be inferred that the public was invited to enter and thus his conduct could not constitute an offense under sec. 2103. The fact that the building was a funeral home does not make the act which he admitted any less an offense. A funeral home can be the object of a breaking, entering and larceny and nothing in the record contradicts Petitioner's admission by plea that he committed such an offense in this building.

Petitioner's second contention that because his counsel also represented his three associates in the crime he was denied the counsel's effective assistance is completely unsupported by the record. Petitioner does not claim that he objected to this multiple representation, that he suf-

fered any prejudice as a result of it or that any conflict of interest existed among the defendants. The mere proof of the fact of a multiple representation does not establish any denial of Petitioner's Sixth Amendment rights. Englehart v. Commonwealth, 353 Mass. 561, 233 N.E.2d 737 (1968).

Appeal denied.

WEBBER, J., did not sit.