**STATE of Maine**

v.

**Peter J. TSOUKALAS.**

Supreme Judicial Court of Maine.

Sept. 1, 1972.

---

Ronald E. Ayotte, County Atty., Alfred, for plaintiff.

Donald P. Allen, Biddeford, for defendant.

Before DUFRESNE, C. J., and WEBBER, WEATHERBEE, POMEROY and ARCHIBALD, JJ.

WEBBER, Justice.

The appellant was tried and convicted by a jury on three indictments, each charging breaking, entering and larceny in the nighttime but each relating to a different property burglarized. Each conviction is appealed.

We note that no designation of record on appeal or statement of points on appeal were ever filed. We attribute this failure to the several changes in court-appointed counsel which occurred without fault of the indigent appellant. Since the State has claimed and has in fact suffered no disadvantage, and to expedite an appeal which has already been somewhat delayed, we suspend the applicable rules pursuant to M.R.Crim.P., Rule 39(c) (3) and consider the issues as briefed by both parties.[1]

Although the present counsel for appellant has faithfully transmitted to us arguments with respect to numerous claims of error, apparently suggested and requested by the appellant, only three require serious consideration. All other points sought to be raised on appeal either find no support in the record, were not saved by timely objection at trial or are technically frivolous and devoid of merit. In no instance has error been shown.

Each indictment properly alleged breaking, entering and larceny in the nighttime. In # 6802 the property was described as "the building of one Bertha Quimby, in said Lebanon, a building where valuable things were then and there kept." In # 6803 the description was "the home of Mrs. Anne Gleason, in said Lebanon, a home where valuable things were then and there kept." And in # 6784 the comparable phrase was "the summer home, a place where valuable things were then and there kept of one Sylvea Curtis" which was accompanied by the additional phrase appearing later in the body of the indictment, "in said summer home, then and there being, then and there in and from said dwelling house feloniously did steal etc." The use of "home" and "summer home" in # 6803 and # 6784 is challenged as destroying the validity of these indictments. The word "home" enjoys many connotations which must be gleaned from the context. Webster's Third New International Dictionary gives "dwelling house" as a primary meaning of "home." In the context of these indictments the meaning was the same as would have been the case if the charging vehicle had alleged that the property involved was "the dwelling house of A, a building in which valuable things were then and there kept." Cf. Gayton v. Robbins (Me.1971) 272 A.2d 776; State v. Fitzherbert (Me.1968) 242 A.2d 686; Dow v. State (Me.1971) 275 A.2d 815. Without objection, the Justice below carefully and correctly instructed the jury as to the nature of proof required by the statute (17 M.R.S.A., Sec. 2103 as amended) with respect to breaking as related to the statutory use of "dwelling house" and "building * * * in which valuable things are kept." Moreover, the uncontradicted proof in this case was that in each case the property broken and entered was *both* a dwelling house and a building in which valuable things were kept. Appellant takes nothing

---

[1] It should be noted that the able counsel who was finally appointed to brief and argue the case in the Law Court was never charged with responsibility for preparing and filing the statement of points on appeal.

459

by his challenge to the indictments in these two cases.

In the course of his charge to the jury the Justice below had occasion to give the usual cautionary instruction which is required whenever a witness for the State testifies that he committed the offense in participation with the defendant. Contrary to the suggestion of the appellant, the Justice did *not* state as fact that the State's witness was an "accomplice," thus inferentially suggesting to the jury that the defendant was present and acting unlawfully. He made it abundantly clear that he was prompted to caution the jury only because the witness had testified as to facts which if believed would make him an accomplice. He told the jury that although they were free to accept and believe the testimony of such a witness, they must examine it with great caution "because the danger signals are flashing about the credibility of that witness." The "accomplice" warning is always and was here given solely for the benefit of the defendant and of course was not objected to. The point was not saved by timely objection and would have availed nothing if it had been.

The evidence fully supports the verdict in each case. The defendant never questioned the proven fact that the State's witness Tremblay broke and entered these three dwelling houses and stole valuable antiques therefrom. The defendant, electing to testify in his own behalf, admitted that the stolen property came into his possession. The only disputed factual issue for the jury was whether the defendant participated with Tremblay in these crimes or merely purchased the stolen property from him. The jury chose to believe Tremblay and not the defendant. This they were entitled to do. Tremblay's testimony was credible and, if believed, proved the defendant's guilt beyond a reasonable doubt.

Appeals denied.

WERNICK, J., did not sit.