**STATE of Maine**

**v.**

**Toby D. NAPPI, Jr.**

Supreme Judicial Court of Maine.

Feb. 8, 1977.

# 231

Henry N. Berry, III, Dist. Atty., Theodore Hoch, Peter Ballou, Deputy Dist. Attys., Portland, for plaintiff.

Wilson, Steinfeld, Murrell, Barton & Lane by Thomas P. Wilson, Portland, for defendant.

Before DUFRESNE, C. J., and * WEATHERBEE, POMEROY, WERNICK and ARCHIBALD, JJ.

WERNICK, Justice.

An indictment returned on September 8, 1975 to the Superior Court (Cumberland County) accused defendant Toby D. Nappi, Jr., of having committed the crime of breaking and entering with intent to commit larceny (17 M.R.S.A. § 754). On October 31, 1975 defendant was tried (jury waived) and found guilty. Defendant had moved for judgment of acquittal and, after being found guilty, for a new trial. The motions claimed a fatal variance between the proof at trial and the allegations of the indictment. The presiding Justice denied the motions, ruling that although a variance existed, it did not prejudice rights of defendant.

Defendant has appealed from the judgment of conviction. We deny the appeal.

The indictment upon which defendant was convicted charged that:

". . . on or about the Eleventh day of June, 1975, in . . . Portland, . . . defendant, Toby D. Nappi, Jr., did break and enter a building, in which valuable things are kept, located at Brown's Wharf, in said Portland, property of Coastal Fisheries, Inc., a Maine corporation, with intent to steal, take and carry away the property of said Coastal Fisheries, Inc., and permanently deprive it thereof."

At trial, the only witness who testified about the ownership of the property (proved stolen) stated that it was the property of a corporation, "Poultry Processing, Inc." He also testified that on September 1, 1973 there had been a merger of this corporation "Poultry Processing, Inc." with another existing corporation "Coastal Fisheries, Inc.," by virtue of which "Poultry Processing, Inc." had become the sole surviving legal entity. Nevertheless the corporation continued doing some business under the name of "Coastal Fisheries" and, indeed, the building in which defendant was apprehended had signs on it, at the time of the apprehension, reading "Coastal Fisheries."

■ Defendant contends that the variance between the allegation of the indictment that the property stolen was the property of "Coastal Fisheries, Inc." and the proof that it was the property of "Poultry Processing, Inc." requires reversal of the judgment of conviction.

We disagree.

Recent cases, based on the Maine Rules of Criminal Procedure,[1] have established that not every variance between the allegations of the indictment and the proof adduced at trial mandates reversal of a conviction. *State v. Maples,* Me., 343 A.2d 583 (1975); *State v. Wedge,* Me., 322 A.2d 328 (1974).

■ Recently, in *State v. Kimball,* Me., 359 A.2d 305, 307 (1976)[2] we indicated

---

* Weatherbee, J. sat at argument but died before the opinion was adopted.

1. See also: Rule 52(a) M.R.Crim.P., which provides: "(a) *Harmless Error.* Any error, defect, irregularity or *variance* which does not affect substantial rights shall be disregarded." (emphasis supplied)

2. Factually, *Kimball* is quite similar to the instant case. The indictment in *Kimball*

that a variance is immaterial where the proof

> "substantially adheres to that outlined in the indictment and the indictment supplies sufficient information to apprise the defendant of the actual charge against him thus avoiding any possible prejudice and protects him against a subsequent prosecution for the same offense, . . . ."

As *Kimball* makes plain, application of the rule that a variance becomes material and capable of being fatal only when prejudicial to the defendant requires evaluation of the functions of an indictment and, in relation thereto, the reasons which underlie the prohibition against variance in the proof.

■ An indictment functions primarily to protect the defendant from further jeopardy, to avoid unfair surprise at trial, to aid defendant in preparation of a defense by providing adequate notice of the charge and, specifically as to larceny charges, to negate any claim of ownership or right by the defendant. *State v. Kimball, State v. Maples, State v. Wedge,* supra.

In the instant case, in terms of the functions to be served by an indictment and the proof in support of the indictment, the proof at trial substantially met the allegations of the indictment. The proof conformed precisely to the indictment in regard to time, place, location and nature of the offense. The only "variance" concerned the technical designation of the corporate owner of the property. In substance, however, the indictment contained an adequate allegation of ownership, especially in light of the evidence showing that, after merger, there was continued use of the name "Coastal Fisheries" in the doing of business and on the signs displayed on the building entered.

Defendant knew of these facts in advance of trial,[3] and this knowledge precludes any claim by defendant of unfair surprise, lack of notice or inadequate opportunity to prepare a defense. Further, the evidence of the transition in corporate ownership and structure plainly establishes that the property stolen was that of a person other than the accused. Finally, the allegations in the indictment, and the transcript of the testimony at trial (as well as the publication of this opinion), constitute adequate protection against double jeopardy. See: *State v. Kimball,* Me., 359 A. 2d 305, 307 (1976).

In short, such variance as there was between the indictment and the proof was not prejudicial to any rights of the defendant arising from the functions of an indictment as related to the proof necessary to support the indictment. The variance was, therefore, not a fatal one requiring a judgment of acquittal or a new trial for defendant.

The entry is:

*Appeal denied.*

DELAHANTY, J., did not sit.

All Justices concurring.

---

charged a breaking, entering and larceny of property owned by the "Sabbathday Lake Society of Shakers, Inc." The evidence established that the property was owned by the "United Society of Shakers" or the "United Society of Shakers Sabbath Day Lake Incorporated." The Court ruled that there was no variance and that even if a variance be assumed, it was immaterial and harmless.

3. The presiding Justice specifically noted that prior to the day of trial, defendant had moved to dismiss the indictment on the ground that Coastal Fisheries did not own the building and in fact no longer existed due to the merger with Poultry Processing, Inc. For this reason the Justice concluded that the variance was not prejudicial because defendant was informed of the true ownership of the building and was thus able to avoid surprise at trial and to prepare a defense, having been properly apprised of the charge against him. Moreover, there was no assertion that defendant owned or had a right to enter the building. The Justice concluded, therefore, citing Rule 52(a) M.R. Crim.P., that the variance was harmless to defendant.