**‐STATE of Maine**

v.

**Robert T. JAMISON and Wayne P. Joy.**

Supreme Judicial Court of Maine.

Oct. 26, 1978.

Henry N. Berry, III, Dist. Atty., Peter G. Ballou (orally), Deputy Dist. Atty., Portland, for plaintiff.

Sheldon Skolfield, Portland, for Jamison.

Dunlap, Wood & O'Brien by Mark E. Dunlap, Portland, for Joy.

Before POMEROY, ARCHIBALD, DELAHANTY, GODFREY and NICHOLS, JJ.

GODFREY, Justice.

Defendants Robert T. Jamison and Wayne P. Joy were apprehended in the act of removing a bag of currency from a private automobile used for the collection of money from vending machines. They appeal from convictions of theft by unauthorized taking. 17–A M.R.S.A. § 353 (Supp. 1978).

Appellants cite *State v. Thomes,* 126 Me. 163, 136 A. 726 (1927), in support of their contention that the description of the property in the indictment as "United States currency" is fatally defective. *Thomes* was decided before the adoption of the Maine Rules of Criminal Procedure. Rule 7(c), M.R.Crim.P., now provides that the indictment shall be a plain, concise and

7. *Compare State v. St. Onge,* Me., 392 A.2d 47 (1978).

definite written statement of the essential facts constituting the offense charged. It need not contain any other matter not necessary to such statement. To require an allegation of the denominations of currency in an indictment for theft of money would "bring back to criminal pleadings the technical niceties which the Maine Rules of Criminal Procedure sought to eliminate." *State v. Thibodeau*, Me., 317 A.2d 172, 180 (1974). *Thomes* is also inconsistent with forms 9 and 10 of the appendix of forms deemed sufficient by Rule 58, M.R.Crim.P. Insofar as *State v. Thomes* requires a description of currency by specific denomination, it has been superseded by the adoption of the Maine Rules of Criminal Procedure.

We also reject appellants' argument that the indictment fails to protect them adequately against future jeopardy. *State v. Nappi*, Me., 369 A.2d 230 (1977). Nor do we find any merit in their remaining contentions. The value of the currency taken presented a question of fact to be determined by the jury. The trial court's instructions were correct.

The entry is:

Appeals denied.

Judgments affirmed.

McKUSICK, C. J., and WERNICK, J., did not sit.