**STATE of Maine**

v.

**Irvin L. DAMON.**

Supreme Judicial Court of Maine.

Dec. 11, 1978.

David M. Cox, Dist. Atty., Gary F. Thorne, Asst. Dist. Atty. (orally), Dover-Foxcroft, for plaintiff.

Billie L. Wolf, Greenville (orally), for defendant.

Before McKUSICK, C. J., and POMEROY, ARCHIBALD, DELAHANTY and GODFREY, JJ.

PER CURIAM.

After a single jury-waived trial in Piscataquis County, the Superior Court convicted defendant Irvin L. Damon of burglary (17–A M.R.S.A. § 401) and theft (17–A M.R.S.A. § 353) and sentenced him to concurrent terms of one year and ninety days, respectively, at Maine State Prison. The record reveals abundant evidence supporting the trial justice's conclusion beyond a reasonable doubt that Damon had burglarized and stolen certain property from an A-frame vacation home owned by Dorothy and Allen Small located on the Piscataquis River about ten miles east of Milo in the Town of Medford. The defendant's claim on appeal that the evidence was insufficient to support his conviction is without merit.

Nor does defendant fare any better on his appellate claim that the variance between the complaint on the theft charge which alleged that Damon stole the property of "*Beulah* and Allen Small" and the proof at trial which established that Damon stole the property of *Dorothy* and Allen Small requires reversal of his conviction. In *State v. Nappi*, Me., 369 A.2d 230 (1977), we noted that a variance proves fatal only when it undermines the functions of an indictment or complaint, and observed:

> "An indictment functions primarily to protect the defendant from further jeopardy, to avoid unfair surprise at trial, to aid defendant in preparation of a defense by providing adequate notice of the charge and, specifically as to larceny charges, to negate any claim of ownership or right by the defendant." *Id.* at 232.

*See also State v. Kimball*, Me., 359 A.2d 305 (1976).

In the instant case defendant was charged with burglary by indictment and with theft in a District Court complaint, both charges arising from the same incident. After transfer of the theft complaint to the Superior Court, defendant was tried for both offenses at a consolidated trial. The burglary indictment correctly named Dorothy and Allen Small as the owners of the dwelling allegedly burglarized by defendant. Thus, defendant was put on effective notice prior to trial that the theft charge related to property owned by Dorothy and Allen Small. Consequently, defendant did not suffer unfair surprise, lack of notice, or inadequate opportunity to prepare a defense. Further, as in *Nappi, supra,* "[t]he proof conformed precisely to the [complaint] in regard to time, place, location and nature of the offense." *Id.* at 232. In fact, defendant's argument is even weaker than that advanced in *Nappi* since in the instant case "Allen Small" was identified as the owner of the property both in the theft complaint and in the proof. The term "Beulah" could have been struck as mere surplusage without detracting from the adequacy of the complaint to negate any claim of ownership by defendant. Finally, the complaint and the trial transcript provide defendant adequate protection against the risk of double jeopardy.

The entry must be:

Appeals denied.

Judgments affirmed.

WERNICK and NICHOLS, JJ., did not sit.